UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 17-241** |
| **v.** | * | **SECTION: "A"** |
| **IRVIN MAYFIELD**<br>**RONALD MARKHAM** | * | |
| | * | |

\* \* \*

**UNITED STATES' RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO RECONSIDER**

Now that the Court has reviewed the subpoenaed records *in camera* and found the records to be irrelevant, the defendants' motion should be denied as moot. Although the defendants' attempt to parse the "relevance" requirement of Rule 17 and "materiality" requirement of Rule 16 should be rejected as a distinction without a difference for purposes of these proceedings,[1] the Court's independent review of the records satisfies both Rules as well as *Nixon*.

Furthermore, the lengthy testimony at the October 2, 2019 hearing provided no additional support for the defendants' argument. Although irrelevant to the central issue of whether a misrepresentation was made, and whether the defendants relied on such a misrepresentation when agreeing to interview with the LLA (a burden of proof born solely by the defendants), the testimony at the hearing confirmed that the defendants' LLA/USAO/MCC conspiracy theory is false. And, as this Court is now aware, the records the defendants seek are consistent with the unhelpful testimony.

---

[1] "In the Federal Rules of Evidence, the notion of materiality is subsumed in the definition of 'relevant evidence' in Rule 401 in that it is declared there that 'relevant evidence' must, for example, not only 'make the existence of any fact [for proof of which the evidence is offered] more probable . . . than it would be without the evidence,' but, in addition, the fact to be proved must also be 'of consequence to the determination of the action'; that is, material." *United States v. Dunn*, 805 F.2d 1275, 1281-82 (6th Cir. 1986). "[T]he trial court has broad discretion in determining the relevancy of evidence and in passing upon its admissibility under Rule 401, and, therefore, its ruling should be accorded substantial deference. . . ." *Id*.

## CONCLUSION

For the foregoing reasons, the defendants' motion for reconsideration should be denied.

Respectfully submitted,

MICHAEL M. SIMPSON
Attorney for the United States Acting
Under the Authority Conferred by
28 U.S.C. § 515.

s/ G. Dall Kammer
G. DALL KAMMER (26948)
BRANDON LONG
THEODORE CARTER
Assistant United States Attorneys
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3168
Email: dall.kammer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

s/ G. Dall Kammer
G. DALL KAMMER
Assistant United States Attorney