UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO.: 17-241** |
| v. | * | **SECTION: "A"** |
| **IRVIN MAYFIELD** | * | **JUDGE: JAY C. ZAINEY** |

* * *

**MOTION AND BRIEF OF THE UNITED STATES
FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE**

**NOW INTO COURT** comes the United States of America, by and through the undersigned Assistant United States Attorney, who respectfully submits this motion for issuance of a Preliminary Order of Forfeiture in the above-captioned case. In support thereof, the United States avers as follows:

1. On December 6, 2018, the grand jury returned a Second Superseding Indictment[1] charging the defendant, **IRVIN MAYFIELD**, with Conspiracy, in violation of Title 18, United States Code, Section 371 (Count 1); Wire Fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts 2 - 7); Mail Fraud, in violation of Title 18, United States Code, Sections 1341 and 2 (Count 8); Money Laundering Conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count 9); Money Laundering, in violation of Title 18, United States Code, Section 1957 and 2 (Counts 10 - 22); and Obstruction of Justice, in violation of Title 18, United States Code, Sections 1519 and 2 (Count 23). The Second Superseding Indictment included a notice of forfeiture, pursuant to Title 18, United States Code, Sections 1519, 981(a)(1)(C) and 982. Furthermore, the United States of America provided notice of the intent to seek forfeiture on substitute property pursuant to Title 21, United States Code, Section 853(p).

---
[1] Rec. Doc. N. 113; *See also* Grand Jury Exhibit 128.

2.	On November 10, 2021, pursuant to a Plea Agreement[2], the defendant entered a plea of guilty to Count 1 of the Second Superseding Indictment and approved a Factual Basis[3] which is incorporated herein by reference. As part of the plea agreement, the defendant consented to the filing of a motion for preliminary order of forfeiture and agreed to forfeit any property subject to forfeiture under the notices of forfeiture contained in the charging document. Furthermore, the defendant confessed to the requisite nexus between the property and the charge of the conviction.

3.	The defendant stipulated that on or about November 30, 2012, he "transferred and caused to be transferred $15,000 from a YRI account, which **MAYFIELD** used to pay for a 24k gold-plated trumpet from a trumpet manufacturer."[4] As a result, the United States prays the Court will enter a preliminary order of forfeiture for the above-referenced trumpet.

4.	The Court's jurisdiction in this matter is founded upon Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c).  Title 18 U.S.C. § 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of "any offense constituting 'specified unlawful activity'" which includes sections 1341 and 1343. [5]  Title 28, United States Code, Section 2461(c) provides that if a defendant is convicted of an offense giving rise to forfeiture, the court "shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure…"

5.	Rule 32.2(b) of the Federal Rules of Criminal Procedure provides in part as follows:

(1) *Forfeiture Phase of the Trial.*

---

[2] Rec. Doc. N. 250
[3] Rec. Doc. N. 249
[4] *Id.* at pp. 8
[5] Mail and wire fraud, 18 U.S.C. §§ 1341 and 1343, are "specified unlawful activities".

(A) *Forfeiture Determinations.* As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

(B) *Evidence and Hearing.* The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) *Preliminary Order.*

(A) *Contents of a Specific Order.* If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(B) *Timing.* Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

(C) *General Order.* If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that:

(i) lists any identified property;

(ii) describes other property in general terms; and

(iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

(3) *Seizing Property.* The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to

commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

6. Based upon the evidence set forth by the defendant's plea and factual basis, the government submits that it has established the requisite nexus between the property and the offense to which the defendant has pleaded guilty.

7. Pursuant to Title 21, United States Code, Section 853(n) and Fed. R. Crim. P. 32.2(b)(6), the government shall publish notice of preliminary order of forfeiture and its intent to dispose of the property on www.forfeiture.gov for 30 days and shall send notice to any person who reasonably appears to be a potential claimant with-standing to contest the forfeiture in the ancillary proceeding.

**WHEREFORE,** the United States respectfully requests that the Court issue the proposed preliminary order of forfeiture, forfeiting to the United States of America the property described above and ordering the United States Marshals to seize forthwith and maintain the forfeited property and dispose of it in accordance with law.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*/s/ Alexandra Giavotella*
ALEXANDRA GIAVOTELLA  (La. 38005)
Assistant United States Attorney
United States Attorney's Office
650 Poydras Street, Suite 1600
New Orleans, LA  70130
Telephone: (504) 680-3065
Email: alexandra.giavotella@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing pleading has been served in accordance with the Court's ECF Rules this 2nd day of November, 2021.

                                              */s/ Alexandra Giavotella*
                                              ALEXANDRA GIAVOTELLA
                                              Assistant United States Attorney